**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHERIESE D. JOHNSON,<br>    Plaintiff,<br><br>            v.<br><br>RELIANCE STANDARD LIFE INS. CO. and THE WILLIAM CARTER COMPANY GROUP LONG TERM DISABILITY INSURANCE PLAN,<br>    Defendants. | Civil Action No.<br>1:21-cv-02900-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Reliance Standard Life Insurance Co.'s (Reliance Standard) partial motion to dismiss and to strike the jury demand [ECF 8], and on its own review of the record. For the following reasons, the motion to dismiss is **GRANTED**.

**I.    Background**

For purposes of Reliance Standard's motion, the Court accepts well-pleaded facts as true. *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). On July 14, 2016, Plaintiff Cheriese D. Johnson began working at The William Carter Company (Carter's) in its IT department.[1] She became eligible for insurance

---

1    ECF 1, ¶ 12.

under Defendant The William Carter Company Group Long Term Disability Insurance Plan (the Plan) on October 16, 2016.[2] The Plan is insured and administered by Reliance Standard.[3]

Within three months before starting at Carter's, Johnson experienced fatigue, muscle weakness, nausea, and vomiting for which she received medical treatment.[4] The extent of those symptoms is unclear, but they did not render Johnson disabled at that time.[5] In February 2017, Johnson was diagnosed with scleroderma—an auto-immune disease that has caused the hardening of her skin and internal organs.[6] At that point the disease had progressed such that Johnson was only comfortable in a prone position.[7] She therefore took the maximum amount of short-term disability leave allowed and applied for long-term disability (LTD) benefits.[8]

---

[2] *Id.* ¶¶ 13, 23.

[3] *Id.* ¶¶ 8–9.

[4] *Id.* ¶¶ 14, 26.

[5] *Id.* ¶ 15.

[6] *Id.* ¶ 17. Elsewhere the Complaint indicates that Johnson was diagnosed with scleroderma in April 2017. *Id.* ¶ 24.

[7] *Id.* ¶ 18.

[8] *Id.* ¶ 19.

On January 4, 2018, Reliance Standard denied Johnson's request for LTD benefits under the Plan's pre-existing condition exclusion.[9] Johnson asserts that the symptoms for which she was treated in the few months before she began to work at Carter's were not the basis for her ultimate disability.[10] She appealed, but was again denied LTD benefits based on the pre-existing condition exclusion.[11] Johnson's employment at Carter's ended in March 2019.[12]

On July 19, 2021, Johnson filed suit against Reliance Standard and the Plan, asserting claims for benefits under the Plan (Count I); breach of fiduciary duties under the Plan (Count II); an alternative claim based on violations of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1 (Count III); and breach of contract under Georgia law (Count IV).[13] Reliance Standard answered on January 4, 2022, and separately moved to dismiss Counts II, III, and IV, and to strike the jury demand.[14]

---

[9]  *Id.* ¶ 20.

[10] *Id.* ¶ 25.

[11] *Id.* ¶¶ 27–28.

[12] *Id.* ¶ 32.

[13] *See generally* ECF 1.

[14] ECF 7; ECF 8.

## II.     Applicable Legal Standard

Reliance Standard filed an answer to Johnson's factual allegations and Count I, but responded to Counts II through IV by moving for dismissal. Because its answer was filed first, Reliance Standard's dismissal motion could be construed as one for judgment on the pleadings rather than a partial motion to dismiss. Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). Regardless, the legal standard to be applied is the same.

The Court analyzes a motion for judgment on the pleadings using "the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *King v. Akima Glob. Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019) (per curiam). "Dismissal is not appropriate unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Jiles v. United Parcel Serv., Inc.*, 413 F. App'x 173, 174 (11th Cir. 2011) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

### III. Discussion

#### A. Count II

Johnson's second cause of action asserts a claim for breach of fiduciary duties under 29 U.S.C. § 1132(a)(3).[15] Reliance Standard argues that this claim must be dismissed because it is time-barred and because Johnson has an adequate remedy at law.[16] The Court only finds it necessary to address the latter argument.

Count I of Johnson's Complaint is brought under 29 U.S.C. § 1132(a)(1)(B) for benefits due under the Plan.[17] That subsection of the statute provides that a plan participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* In contrast, Section 1132(a)(3), the basis for Count II of Johnson's Complaint, states that a plan participant may seek "appropriate equitable relief" to address ERISA violations. 29 U.S.C. § 1132(a)(3).

---

[15] The heading for this cause of action mislabels the applicable provision as 29 U.S.C. § 502(c)(3). ECF 1, at 12. The body of the claim, however, makes clear that it is based on 29 U.S.C. § 1132(a)(3). *Id.* ¶ 44.

[16] ECF 8, at 4–8.

[17] ECF 1, ¶¶ 36–39.

Subsection (a)(3) is a "catchall" provision that "act[s] as a safety net" for injuries caused by violations that cannot be remedied under other parts of Section 1132. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). This means that, if a plaintiff has an adequate remedy under Section 1132(a)(1)(B), she cannot also plead a claim under the equitable catchall provision. *Katz v. Comprehensive Plan of Grp. Ins., Alltel*, 197 F.3d 1084, 1088–89 (11th Cir. 1999) (upholding dismissal of breach of fiduciary duty cause of action under § 1132(a)(3)). *See also Ogden v. Blue Bell Creameries USA, Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003) (citing *Katz*). If the allegations supporting the Section 1132(a)(3) cause of action would also state a claim under Section 1132(a)(1)(B), the plaintiff must proceed only under the more specific provisions of (a)(1)(B). *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004). This is true "regardless of the relief sought." *Id.* at 1073–74. *See also Ensley v. N. Ga. Mountain Crisis Network, Inc.*, Civ. A. No. 2:12-cv-254-RWS, 2014 WL 4185788, at *4 (N.D. Ga. Aug. 20, 2014) (same). Where subsection (a)(1)(B) "provides an adequate remedy," "reliance on § 1132(a)(3) is improper." *Jones*, 370 F.3d at 1073–74 (citations omitted).

Johnson does not address this case law or respond to Reliance Standard's assertion that Section 1132(a)(1)(B) provides an adequate remedy at law for her alleged injuries. Instead, she contends that she is allowed to plead multiple

grounds for the same relief or in the alternative.[18] While that may be true in general, case law from both the Eleventh Circuit and the Supreme Court make clear that she cannot pursue a claim for breach of fiduciary duty under Section 1132(a)(3) based on the same facts that support her primary claim under Section 1132(a)(1)(B) for benefits due under the Plan. Count II must therefore be dismissed and Johnson may proceed on her claim for benefits under Count I.

### B. Count III

Johnson asserts Count III in the alternative based on Reliance Standard's alleged violations of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.[19] Reliance Standard contends that Johnson cannot predicate a cause of action on these provisions: Section 1132(a) supplies the only available remedies under the statutory scheme, and there is no private cause of action available for a violation of ERISA regulations.[20] Johnson responds that she is entitled to an order vacating the denial of benefits because of Reliance Standard's alleged violations of these provisions.[21] Both sides rely on an Eighth Circuit case to support their arguments.

---

18   ECF 10, at 9–10.
19   ECF 1, ¶¶ 47–52.
20   ECF 8, at 8–9.
21   ECF 10, at 10–11.

In *Brown v. J.B. Hunt Transport Services, Inc.*, Brown hurt her knee while working as a truck driver for JB Hunt. Prudential, which insured the relevant ERISA plan, discontinued Brown's LTD benefits and ignored her requests for information about this decision. The district court held that Brown had not exhausted her administrative remedies because she failed to take an administrative appeal, and dismissed her lawsuit. The court of appeals reversed, concluding that Prudential had failed to provide Brown with a full and fair review of its decision to discontinue benefits because of its refusal to supply necessary information to Brown—including a complete copy of the administrative record. As a result, the appellate court held that Brown was not required to exhaust; Prudential had denied her access to the very information she needed to mount an appropriate appeal to the benefits decision in the first place. 586 F.3d 1079 (8th Cir. 2009).

Nothing in *Brown* suggests that an ERISA claim can itself be predicated on a violation of Section 1133 or a related regulation. Rather, the Eighth Circuit concluded that the exhaustion required under Section 1133 was waived because the plan "fail[ed] to comply with its antecedent duty" "to provide participants with notice and review." *Id.* at 1085. Prudential's conduct prevented the full and fair review of Brown's claim for benefits by undermining her ability to appeal.

That failure to comply with Section 1133 meant Brown was entitled to receive the full and fair review she had been denied for her claim for benefits under *Section 1132(a)(1)(B)*. Accordingly, the court of appeals concluded that Brown should be permitted to file an out-of-time administrative appeal. This case does not establish the existence of an independent right of action for a violation of Section 1133 itself. All it demonstrates is that such a breach can excuse exhaustion.

This conclusion is reinforced by the Eleventh Circuit case cited in *Brown*, *Perrino v. Southern Bell Telephone & Telegraph Co.* The *Perrino* court noted this Circuit's case law holding that exhaustion may be excused when "a claimant is denied 'meaningful access' to the administrative review scheme in place." 209 F.3d 1309, 1316 (11th Cir. 2000). Technical violations of Section 1133 of the sort asserted in *Perrino* did not provide a basis for an exception to exhaustion. *Perrino* does not suggest that a violation of Section 1133 or the concomitant regulation support an independent private right of action. This is particularly true when such violations do not even necessarily excuse exhaustion. *Id.* at 1317 ("Our prior precedent makes clear that the exhaustion requirement for ERISA claims should not be excused for technical violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure through which they may receive an adequate remedy."). There is no contention here that Johnson failed to exhaust.

Moreover, the Supreme Court has made clear that, in adopting Section 1132(a), Congress "clearly expressed an intent that the[se] civil enforcement provisions . . . be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987), *superseded by statute on other grounds as stated in Hunter v. Ameritech,* 779 F. Supp. 419, 420 (N.D. Ill. 1991). "The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies" not provided for by Congress. *Pilot Life Ins.*, 481 U.S. at 54.

Because there is no cause of action under Section 1133 or Rule 2560.503-1, Count III must be dismissed.

### C. Count IV (State-Law Breach of Contract Claim) and Jury Demand

Reliance Standard argues that Johnson's breach of contract claim is preempted by ERISA.[22] Since ERISA does not provide plaintiffs with the right to a jury trial, Reliance Standard also asserts that Johnson's jury demand should be

---

22   ECF 8, at 9–10.

stricken.[23] In response, Johnson agreed that it was appropriate for her to dismiss Count IV and withdraw her jury demand.[24]

## IV. Conclusion

Reliance Standard's motion [ECF 8] is **GRANTED**. Counts II, III, and IV of the Complaint are **DISMISSED,** and Johnson's jury demand is **STRICKEN**. The parties are **DIRECTED** to file their substantive motions within 30 days after entry of this Order.

**SO ORDERED** this 29th day of September, 2022.

Steven D. Grimberg
United States District Court Judge

---

[23] *Id.* at 11.
[24] ECF 10, at 1 n.1.